**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ALFREDO RODRIGUEZ,

     Defendant - Appellant.

No. 15-3034
(D.C. No. 2:13-CR-20126-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Mr. Alfredo Rodriguez appeals his conviction on conspiracy to manufacture, possess with intent to distribute, and distribute at least five kilograms of cocaine. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 846. On appeal, the sole issue is whether the evidence of guilt was sufficient. We conclude it was and affirm the conviction.

---

[*]     The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

This conviction grew out of an investigation involving a cocaine distribution network in Kansas City, Kansas. The network included (1) distributor Frank Piper, whose house was used for drug-trafficking activity and (2) distributors Daniel Bryant and Gregory Moore, who operated out of Mr. Piper's house. Mr. Bryant and Mr. Moore pleaded guilty.

Both men hired Mr. Rodriguez for remodeling work. The government alleged that Mr. Rodriguez had not only performed remodeling work but also had sold large quantities of cocaine.

That allegation was supported by Mr. Bryant and Mr. Moore, who testified that they had bought kilograms of cocaine from Mr. Rodriguez for resale. Mr. Rodriguez insisted that his work consisted solely of remodeling houses, not selling cocaine. Others also testified about Mr. Rodriguez's remodeling work.

Relying on this testimony, Mr. Rodriguez argues the evidence of guilt was insufficient. To prove conspiracy, the government needed to show that (1) at least two individuals had agreed to violate the law, (2) Mr. Rodriguez had known the essential objectives of the conspiracy, (3) he had knowingly and voluntarily participated in the conspiracy, and (4) the alleged coconspirators had been interdependent. *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

Mr. Rodriguez does not specifically challenge any single element, but asserts generally that the government's case was lacking. He points out that

- he was not on any of the 20,000 telephone calls recorded by the government,

- there was no surveillance showing his participation in a cocaine sale, and

- no cocaine was found on his person or in his vehicles.

According to Mr. Rodriguez, the only incriminating evidence was the testimony of convicted defendants who stood to gain leniency by implicating others. Mr. Rodriguez adds that much of the government's evidence is easily explained by his remodeling business.

But these assertions are not tenable under our standard of review:

> [W]e treat the evidence in the light most favorable to the Government and ask whether a rational fact-finder could have concluded beyond a reasonable doubt that the defendant was guilty. In addressing this question, we do not weigh conflicting evidence or consider the credibility of witnesses. Instead, we simply determine whether the evidence, if believed, would establish each element of the crime. Reversal is warranted only when no rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

*United States v. Kamahele*, 748 F.3d 984, 1002 (10th Cir. 2014) (brackets, citations, and internal quotation marks omitted).

Mr. Rodriguez would have us weigh conflicting evidence, consider the credibility of the witnesses, and draw inferences in his favor. We cannot do these things. *See United States v. Dewberry*, 790 F.3d 1022,

3

1028-29 (10th Cir. 2015); *United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005).

Viewed in the light most favorable to the government, the evidence showed that both Mr. Bryant and Mr. Moore had bought large quantities of cocaine from Mr. Rodriguez and sold that cocaine to others. This evidence is sufficient to support the conviction. *See Dewberry*, 790 F.3d at 1029 (stating that a conviction may rest upon uncorroborated testimony of coconspirators); *Magallanez*, 408 F.3d at 682 (same). But the government also presented corroborating evidence, including testimony from other conspirators, evidence from telephone records suggesting that Mr. Rodriguez had supplied cocaine to Mr. Piper, and surveillance evidence showing Mr. Rodriguez's familiarity with Mr. Piper's house.

Mr. Rodriguez suggests that his mere association with persons convicted of participating in a drug conspiracy cannot support the conviction. But the testimony of Mr. Bryant and Mr. Moore, if believed, establishes more than mere association. *See United States v. Cornelius*, 696 F.3d 1307, 1318 (10th Cir. 2012) ("The evidence that [defendant] repeatedly sold cocaine to other drug distributors who in turn sold it to others is sufficient to support a reasonable inference that conspiratorial interdependence existed between [defendant] and other distributors in a conspiracy.").

4

The district court's judgment is affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge